



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 19, 1939

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-670
Re: Right of Confederate Pensioner
absent from the State for more
than six months to pension pay-
ments.

We have for acknowledgment your letter of June 13, 1939,
wherein you state that a Mrs. S. R. Slade, a Confederate Pen-
sioner, left the State of Texas on the 31st day of August, 1937,
and went to the State of California for the purpose only of
visiting her sister who resided there; that she remained in
California for a year, but that according to sworn statements,
her absence was in truth and in fact only temporary, and she at
all times intended to return to the State of Texas, and did in
fact return to her home at Brownwood, Texas, on the 14th day
of August, 1938.

It appears that during the entire period of Mrs. Slade's
absence your Department mailed her pension warrants as usual,
but that upon her return to Texas it was discovered that she
had been away from the State longer than six months, and on
receiving such information, stop payment orders were placed
against all outstanding warrants issued to her. It likewise
appears that, Mrs. Slade having discovered this situation, she
has notified the department that she desires to be reinstated
as a pensioner, such application having been made on the 27th
day of September, 1938.

Upon the above state of facts, you request the opinion of
this department upon the following question:

"Is this department authorized to approve Mrs.
Slade's application for reinstatement as of September
27, 1938, and give her credit for warrants issued to
her while in California and against which stop payment
has been placed?"

Hon. George H. Sheppard, Page 2.

The pertinent provisions of Article 6220, Revised Statutes 1925, governing the determination of this question, are:

"... No pensioner who leaves this State for a period of over six months shall draw a pension while so absent; ..."

It is our opinion that it would do violence to the intent of the Legislature to hold that a pensioner leaving the State for a period of over six months should forfeit his pension for the entire period of his absence, while one leaving the State for a period of five months and twenty-nine days should receive a pension during the entire period of his absence. It seems clear that the phrase "while so absent" refers to "a period of over six months"; that is, to that period of time beyond six months. In our opinion, a person leaving the State for a period of over six months is to be denied a pension only for that portion of the period extending beyond six months.

You are therefore advised that Mrs. Slade should be given credit for the warrants issued for the first six months of her absence from the State, but not for the remainder of the warrants issued during her absence.

You will observe that the statute does not provide for the striking of the pensioner's name from the pension rolls, or for an application for reinstatement. It contemplates only a cessation of payments "while (the pensioner is) so absent." Upon Mrs. Slade's return to the State of Texas, therefore, payments of the pension should be resumed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. W. Fairchild

R. W. Fairchild
Assistant

RWF:PBP
PPROVED JUN 21, 1939

Gerald C. Mann

TTORNEY GENERAL OF TEXAS